UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

JAMES U. PAYNE,                     )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )        Case No. 1:18-cv-242
                                    )
LANCE BENZING and                   )        Honorable Phillip J. Green
HILLSDALE COUNTY SHERIFF'S          )
DEPARTMENT,                         )
                                    )
                    Defendant.      )
———————————————————————)

## MEMORANDUM OPINION AND ORDER

This is a civil rights action, under 42 U.S.C. § 1983, by a former detainee at the Hillsdale County Jail. This lawsuit stems from a search conducted on June 24, 2017, and events related to the criminal charges filed against plaintiff. The defendants are the Hillsdale County Sheriff's Department and Detective Lance Benzing. Plaintiff alleges that the search violated his Fourth Amendment rights, that criminal charges against him violated his Fifth Amendment rights under the Double Jeopardy Clause, and that the bond set by a judge in state court violated his rights under the Fourteenth Amendment's Equal Protection Clause. Plaintiff seeks an award of damages.

The matter is before the Court on defendants' Rule 12(c) motion for a judgment on the pleadings[1] (ECF No. 16) and plaintiff's motion for leave to amend his complaint (ECF No. 34). For the reasons set forth herein, plaintiff's motion will be denied and defendants' motion will be granted. A separate judgment will be entered dismissing all plaintiff's claims against defendants.

## I. Motion for Leave to Amend

### A. Applicable Standards

Under Rule 15(a)(2), the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (citation and quotation omitted). Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R.

---

[1] The Court granted plaintiff leave to proceed *in forma pauperis*. (ECF No. 4). If defendants had not filed a Rule 12(c) motion, the Court would have dismissed plaintiff's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

It is not necessary to address defendants' alternative requests for abstention or summary judgment. It is noted that, during the September 11, 2018, hearing, the parties indicated that criminal proceedings in state court concluded with plaintiff entering a guilty plea.

CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, the [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its

face.'"[2] *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (Plaintiff "must meet the requirements of *Twombly* and *Iqbal* for each of his claims in order to survive a Rule 12(b)(6) motion to dismiss.").

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

B.    <u>Allegations</u>

On June 24, 2017, plaintiff and William Joslin were at a trailer located at 8270 Struble Road in Hillsdale County. Plaintiff lived in Jackson, Michigan, but he came

---

[2] "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

to the above-mentioned address every few days to water his marijuana plants. Police conducted a search pursuant to a search warrant and both men were arrested. Plaintiff alleges that the address on the search warrant was for 8280 Struble Road, not 8270.[3] (ECF No. 34, PageID.169-70).

Prosecuting Attorney Rodney Hassinger initially charged plaintiff with two crimes: (1) "controlled substance-delivery/manufacture methamphetamine" and (2) "controlled substance-delivery/manufacture heroin-less than 50 grams." (*Id.* at, PageID.172). Judge Sara Lisznyai set plaintiff's bond at $30,000 and Mr. Joslin's bond at $20,000. Plaintiff was in jail for eleven days before Judge Lisznyai granted the prosecutor's motion for *nolle prosequi* pending laboratory analysis and dismissed the charges without prejudice.[4] (*Id.* at PageID.170; ECF No. 17-7, PageID.99). Mr. Joslin had property returned. Plaintiff was required to post a forfeiture bond regarding seized items. (*Id.* at PageID.170).

Plaintiff alleges that, when the charges were filed a second time, the first two counts were the same and new third and fourth counts were added: (3) "controlled substance-possession of methamphetamine" and (4) "controlled substance-possession of heroin less than 25 grams." (*Id.* at PageID.172). Judge Lisznyai set plaintiff's bond at $42,500. (*Id.* at PageID.172-73).

Deputy W. Ludeker testified during a hearing before Judge Lisznyai. (*Id.* at

---

[3] Unless otherwise specified, all the citations herein are to ECF No. 34.

[4] Judge Lisznyai's order is a public record and it is appropriate to consider it in deciding defendants' Rule 12(c) motion. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). No other exhibit is considered herein.

PageID.173). Judge Lisznyai bound over plaintiff for trial before Judge Michael Smith.

On July 9, 2018, Judge Smith conducted a pretrial conference with the attorneys. Plaintiff states that Judge Smith, Prosecutor Neal Brady, and Attorney Roderick Dunham "would not let him go" to the pretrial conference. (*Id.* at PageID.173). Judge Smith remanded the matter to Judge Lisznyai. (*Id.*).

According to plaintiff, Judge Lisznyai had indicated that if Judge Smith remanded the matter, she would dismiss the charges against plaintiff. She did not dismiss the charges. On July 18, 2018, plaintiff entered a plea before Judge Lisznyai. Plaintiff now asserts that Judge Lisznyai forced him to "take a plea."[5] (*Id.* at PageID.173-74).

Plaintiff alleges that Kaylee Eagle lied to the police about plaintiff "hav[ing] a gun in the house and drugs[.]" (*Id.* at PageID.174).

---

[5] Plaintiff does not allege that his conviction has been overturned. He may face an additional *Heck* bar hurdle. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The parties have not presented any developed argument on this issue and it is not necessary for the Court to decide whether it provides an additional basis for dismissing plaintiff's complaint.

Plaintiff is not appealing his conviction, nor could he do so here. This Court does not possess appellate oversight powers over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

Detective Lance Benzing was the first officer in charge of plaintiff's case. It was later assigned to Officer Todd Moore. (*Id.* at PageID.174-75).

Plaintiff states that while he was in jail his marijuana plants died, he got into debt with Consumers Energy, and he lost some items that he had in storage because he could not make the payments. (*Id.* at PageID.175).

C.    Discussion

Plaintiff seeks leave to amend his complaint to add the following new defendants: Judges Sara Lisznyai and Michael Smith, Magistrate Judge Kevin Shirk, Prosecuting Attorneys Neal Brady and Rodney Hassinger, "Chief Prosecuting Attorney Stiverson and Mrs. Stiverson," Attorney Roderick Dunham, Officer Todd Moore, Sergeant J. Gates, Deputy E. Bednar, Deputy W. Ludeker, Sergeant D. Sims, Deputy Casey Donihue, and Ms. Kaylee Eagle. (ECF No. 34, PageID.174-75). Plaintiff's motion to amend will be denied as futile because plaintiff's proposed amended complaint could not withstand a Rule 12(b)(6) motion for dismiss.

1.    Judicial Immunity

Judges Lisznyai and Smith are entitled to absolute judicial immunity on plaintiff's proposed claims against them. *See Mireles v Waco*, 502 U.S. 9 (1991) (*per curiam*). "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Id.* at 11. A judge performing judicial functions is absolutely immune from suit even if acting erroneously, corruptly or in excess of jurisdiction. *Id.* at 12-13. Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in

complete absence of all jurisdiction. *Id.* at 11-12; *see also Mason v. Polster*, No. 17-3117, 2018 WL 3968215, at *2 (6th Cir. May 17, 2018) ("[A] judge is still entitled to immunity even if his actions were erroneous or malicious.") (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)); *Iannucci v. Switalski*, No. 16-2534, 2017 WL 5186342, at *1 (6th Cir. Apr. 10, 2017) ("[T]here is no exception to absolute judicial immunity based on error by a judge in performing an act in a judicial capacity, even if the judge acted maliciously or in excess of his authority.").

Plaintiff pleads no facts in his proposed amended complaint from which it could be inferred that the judicial defendants were engaged in non-judicial acts or acted in the complete absence of jurisdiction. *See Smiles v. Royster*, No. 18-1440, 2018 WL 4998196, at *2 (6th Cir. Oct. 1, 2018).

2. Prosecutorial Immunity

All plaintiff's proposed claims against Prosecuting Attorneys Brady and Hassinger are barred by absolute prosecutorial immunity. Absolute prosecutorial immunity is a common-law doctrine that shields a prosecutor from liability under the federal civil rights laws. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Supreme Court has endorsed a "functional approach" for determining whether an official is entitled to absolute prosecutorial immunity, explaining that a court should look to the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). The functional approach focuses on whether the prosecutor's activities are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Those acts that occur

in the course of the prosecutor's role as an advocate for the state, such as initiation of the judicial proceedings, trial preparation, and actual case presentation in court, are protected by absolute immunity. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).

### 3. Witness Immunity

Plaintiff's proposed amended complaint fails to state a claim against Deputy W. Ludeker because he is entitled to absolute immunity for the testimony he gave against plaintiff during a hearing before Judge Lisznyai. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

### 4. State Actor

Attorney Dunham and Ms. Eagle are not state actors. To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016). Attorney Dunham is not subject to liability under section 1983 because he did not act under color of state law when he represented plaintiff in state court. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Ms. Eagle is not subject to liability under section 1983 because "[p]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009).

### 5. Conspiracy

Plaintiff believes that he should have had the "same officer" the first and second time he was charged, and he characterizes the "switch" from Detective Benzing to Officer Moore as a "cover up." (ECF No. 34, PageID.174-75). This fails to state any claim of constitutional dimension against these individuals. Conclusory allegations of conspiracy fail to state a claim upon which relief can be granted. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir.1987).

### 6. Absence of Factual Allegations

Plaintiff's proposed amended complaint is devoid of any specific factual allegations against Magistrate Judge Shirk, "Chief Prosecuting Attorney Stiverson and Mrs. Stiverson," Sergeant J. Gates, Deputy E. Bednar, Sergeant D. Sims, and Deputy Casey Donihue. A *pro se* complaint that merely names a person as a defendant without alleging specific conduct by that individual is subject to summary dismissal as frivolous. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Jakubowski v. Michigan Dep't of Corr.*, No. 1:18-cv-391, 2018 WL 1959494, at *3 (W.D. Mich. Apr. 26, 2018) (collecting cases).

## II. Motion for a Judgment on the Pleadings

### A. Applicable Standards

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) requires application of the same standard that governs motions to

dismiss under Rule 12(b)(6). *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012); *see also Edwards v. Rougeau*, 736 F. App'x 135, 137 (6th Cir. 2018) ("Courts should grant a Rule 12(c) motion if the complaint tenders naked assertions devoid of further factual enhancement.") (citations and quotations omitted).

## B. <u>Allegations</u>

Plaintiff alleges a conclusion in the first paragraph of his complaint that "Hillsdale Michigan Sheriff's [Department] and Det[ective] Benzing/Lance violated [his] 4th [A]mendment, 5th [A]mendment, and 14th [A]mendment [rights.]" (Compl. ¶ 1, ECF No. 1, PageID.2). The complaint is devoid of any specific factual allegations regarding actions taken by Detective Benzing or the Hillsdale County Sheriff's Department. Plaintiff states that "police raided" a house where he grew medical marijuana and they did not have a search warrant.

## C. <u>Discussion</u>

### 1. Hillsdale County Sheriff's Department

Plaintiff named the Hillsdale County Sheriff's Department as a defendant. The Hillsdale County Sheriff's Department is not a legal entity capable of being sued. *See Howard v. Wayne Cty. Sheriff's Office*, 417 F. App'x 465, 467-68 (6th Cir. 2011); *see also Duck v. Madison Cty. Sheriff's Dep't*, No. 1:17-cv-1043, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (collecting cases).

Plaintiff did not name Hillsdale County as a defendant, and in any event he has not alleged facts sufficient to state a claim against a municipal defendant. Municipal liability may not be imposed on a *respondeat superior* theory. *See Monell*

*v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Morgan v. Fairfield Cty., Ohio*, 903 F.3d 553, 565 (6th Cir. 2018) ("[A] municipality is liable only for its own wrongdoing, not the wrongdoings of its employees."). A county is liable only when its official policy or custom causes the injury. *Monell*, 436 U.S. at 694-95. Plaintiff's burden, then, is to plead facts that " '(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy.' " *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)). Plaintiff's complaint fails to identify any specific policy, practice or custom that may be implicated in this case; much less has plaintiff alleged how any such policy or custom contributed to the alleged violation of his constitutional rights.

### 2. Detective Benzing

Plaintiff's complaint is devoid of any specific factual allegations regarding actions taken by Detective Benzing. The complaint fails to state a claim upon which relief can be granted. *See Frazier*, 41 F. App'x at 764; *see also Jakubowski*, 2018 WL 1959494, at *3 ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.").

Detective Benzing also seeks dismissal of plaintiff's claims on the basis of qualified immunity. (ECF No. 16, PageID.53; ECF No. 17 at PageID.66-72). "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.' " *LeFever v.*

*Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (*per curiam*). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Detective Benzing is entitled to qualified immunity. Plaintiff has not alleged facts sufficient to state a claim against this defendant. Further, plaintiff's response to defendants' motion to dismiss (ECF No. 33) does not address qualified immunity. Plaintiff has addressed, much less carried, his burden under the second prong of the qualified immunity analysis.

## Conclusion

For the reasons set forth herein,

**IT IS ORDERED** that plaintiff's motion for leave to amend his complaint (ECF No. 34) is **DENIED**.

**IT IS ORDERED** that defendants' Rule 12(c) motion for a judgment on the pleadings (ECF No. 16) is **GRANTED** and a separate judgment will be entered dismissing all plaintiff's claims against defendants with prejudice.

**IT IS SO ORDERED**.


Dated:  December 8, 2018                    /s/  Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge